[Civ. No. 2441. Fourth Appellate District.—January 10, 1940.]

GENEVIEVE R. HEINZ et al., Respondents, v. CITY OF ANAHEIM (a Municipal Corporation), Appellant.

George F. Holden, Leo J. Friis and Warren L. Schutz for Appellant.

Wm. J. M. Heinz and Head, Wellington & Jacobs for Respondents.

BARNARD, P. J.—This is an action for damages alleged to have been suffered as a result of the raising of an existing street grade and the installation of a curb by the defendant city.

Among other things the complaint alleged that the defendant, without authority and without complying with certain statutes, raised the street grade and installed a curb in front of property belonging to the plaintiffs; that this property consisted of about 10 acres, being subdivision property which was improved with two dwellings with garages, drives and walks; that these improvements had been installed to conform with the then existing street grade; that by reason of the wrongful and unauthorized installation of the curb and the raising of the street level in the paving of this street, these structures and approximately four acres of plaintiffs' property now lie below the curb level of the street; and that it will be necessary to raise the foundations of these structures and fill in approximately four acres of the property.

The court found in all respects in favor of the plaintiffs, finding that the defendant raised the existing street grade along plaintiffs' property approximately two inches; that by raising this grade and installing the curb it caused the plaintiffs' dwelling houses to be left in a depression, interfering with the free access to and egress from the property; that prior to the paving of the street and the installation of the curb the plaintiffs' property was higher than the grade of the street and it was not necessary to have any curbing or to raise the land in order to keep water out of the property; that by reason of the acts of the defendant in raising the street level and causing the installation of the curb it will be necessary to raise the structures on this property and the land around the same in order to permit free access to and egress from the same and in order to "prevent the added water along Santa Ana street in front of plaintiffs' prop-

erty, occasioned by said acts, from flowing over and upon plaintiffs' property''; and that a considerable portion of the land surrounding said structures ''will require an earth fill because of these acts of the defendant''. Judgment was entered in favor of the plaintiffs and the defendant has appealed upon the judgment roll alone.

 The appellant's first contention is that the complaint failed to state a cause of action in that it was not alleged that any accumulated surface water would be turned upon the land of the respondents by any act of the appellant. In this connection it is argued that no liability rests upon a municipal corporation to protect property adjoining a street from the natural flow of surface water nor to receive surface water from such property. The complaint contained general allegations alleging damage resulting from certain acts of the appellant and no demurrer was interposed. We are not here concerned with any problem about surface water as it would naturally flow, but the court has found that the street improvements in question had brought in added water against which the respondents must protect themselves. In the absence of a demurrer the complaint was sufficient and we must here presume that the findings were supported by sufficient evidence.

 It is next contended that two of the findings are inconsistent with each other and cannot support the judgment. It is argued that a part of one finding, to the effect that in the making of these improvements the street grade was raised approximately two inches, is inconsistent with a part of another finding where it was found that prior to the paving of this street and the installation of the curb the respondents' property was higher than the grade of the street and no curb was necessary to keep water out of the property. The argument seems to be that before the making of these improvements the respondents' property must have been considerably higher than the adjoining street and therefore the property could not have been affected by merely raising the street grade approximately two inches. There is nothing in the record before us which discloses the previous height of the property with reference to the then condition of the street, nor to show as a matter of law that the raising of the grade approximately two inches would cause no damage to the property in question. Moreover, the court found

that the resulting damage was caused not only by the raising of the street grade but by the installation of the curb. The record does not disclose the height of the curb which may have been sufficient to bring in added water and discharge the same upon the land in question, through openings left for driveways, and thus cause the damage found by the court to have been suffered. The findings complained of are not inconsistent and the findings, taken as a whole, sustain the judgment.

It is finally urged that the raising of the existing street grade an approximate two inches was such a small change in the street level that it could not have caused any substantial damage to respondents' property. This is sufficiently answered by what we have said on the preceding point. The evidence is not before us and all presumptions are in favor of the judgment. The judgment roll discloses no reversible error.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.